UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
TOBIAS WEISS and :
GERTRUDE O. WEISS, :
:
                    Plaintiffs, :
: 04 Civ. 9803 (GEL)
   -against- :
: **OPINION AND ORDER**
EL AL ISRAEL AIRLINES, LTD., :
:
                    Defendant. :
------------------------------------------------------------x

Tobias Weiss, pro se, Plaintiff.

Lawrence Mentz, Kaplan, von Ohlen & Massamillo,
LLC, New York, New York, for Defendant.

GERARD E. LYNCH, District Judge:

      Plaintiffs Tobias and Gertrude Weiss bring this action against defendant El Al Israel Airlines ("El Al") to recover losses they suffered after being "bumped" from a flight from New York to Jerusalem on March 31, 2004. In a prior opinion, this Court dismissed the second count of plaintiffs' complaint – a tort claim – because the Airline Deregulation Act ("ADA") preempts such causes of action. Weiss v. El Al Israel Airlines, Ltd., No. 04 Civ. 9803, 2006 WL 1409736, at *7 (S.D.N.Y. May 22, 2006). Plaintiffs now move for reconsideration of the dismissal of their tort claim. For the following reasons the motion will be denied.

## BACKGROUND

      Because the factual background of this case is set forth in detail in the Court's prior opinion, see Weiss, 2006 WL 1409736, at *1, the facts can be sketched briefly here. Essentially, plaintiffs purchased two round-trip tickets for transportation from New York's John F. Kennedy

Airport ("JFK") to Jerusalem's Ben-Gurion Airport, departing JFK at 6:30 p.m. on March 31, 2004. Plaintiffs arrived at JFK and passed through security in sufficient time to catch their flight, but as the result of overbooking plaintiffs were bumped from their contracted departure. El Al placed plaintiffs on a standby list to enable them to obtain available seats on a subsequent departure, and plaintiffs paid $100 to upgrade their seats to business class on the future flight. Plaintiffs spent two days in the airport on standby status, during which time they allege that they suffered physical and emotional fatigue and exhaustion from walking from place to place required to comply with the airline's standby procedures, and were treated in a "wanton, oppressive, indifferent, and uncaring" manner by the airline's employees. (Compl. ¶ 23.) Finally, unable to acquire seats on any El Al flight, plaintiffs purchased tickets on another airline. Subsequently, plaintiffs filed this action, with the second count of their complaint seeking recovery in tort for defendant's "damages to [plaintiffs] for their physical and emotional suffering and great inconvenience caused by the airline[] . . . during those two days for which the airline induced the passengers to remain at the airport." (Compl. ¶ 25.)

## DISCUSSION

In its prior ruling, the Court dismissed the second count of the complaint, stating that it was "clearly preempted by the ADA," Weiss, 2006 WL 1409736, at *7, which preempts suits based on state law with any "'connection with or reference to airline rates, routes or services,'" id., quoting Morales v. Trans World Airlines, Inc., 504 U.S. 347, 384 (1992). Plaintiffs then filed the present motion, claiming that, because they never received passage aboard an El Al flight, their two days of abusive treatment were in fact not related to any service provided by the

airline. Accordingly, plaintiffs argue that the ADA does not help El Al, because the ADA fails to preempt state law claims that are not connected to rates, routes, or services.

Plaintiffs' argument fails for two reasons. First, plaintiffs are barred from raising this argument because it was not presented to the Court in connection with the original motion to dismiss. Second, even if plaintiffs had raised the argument in a timely manner, it is without merit, because the allegedly abusive treatment plaintiffs suffered was connected to airline service, and is therefore preempted by the ADA.

I.  Plaintiffs' New Argument Is Untimely

Reconsideration of a decision pursuant to Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 is appropriate "only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." In re Salomon Winstar Litig., 02 Civ. 6171 (GEL), 2006 WL 510526, at *1 (S.D.N.Y. Feb. 28, 2006); see also Slue v. N.Y. Univ. Med. Ctr., 04 Civ. 2087 (GEL), 2006 WL 212294, at *1 (S.D.N.Y. Jan. 26, 2006). A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue. EEOC v. Fed. Express Corp., 268 F. Supp. 2d 192, 199 (E.D.N.Y. 2003) ("Under Local Rule 6.3, a party may not advance new facts, issues or arguments not previously presented to the Court." (internal quotation marks omitted)).

Plaintiffs do not claim that there has been an intervening change of controlling law, or that there is newly available evidence, or that this Court's prior opinion resulted in some form of manifest injustice. Rather, plaintiffs simply emphasize a new argument – that their suffering was

not related to a service – in contrast to their prior emphasis on the harm they suffered and the difference between bumping and delay.

In their prior briefing, plaintiffs did note the fact that El Al ultimately provided them with no transportation. However, this issue was raised not in the context of the ADA, but in the context of the distinction between bumping and delay under the Montreal Convention. (Pl. Memo. Op. Mot. Dis. 5-11.) Plaintiffs argued that claims based on delay, which involve eventual transportation, are preempted by the Montreal Convention, but claims based on bumping, which involve cancellation of the desired transportation, are not preempted. While this is an important distinction for the purposes of the Montreal Convention and for plaintiff's first and third counts, it is not germane to the question of whether bumping and subsequent actions by airline employees constitute service in the context of the ADA. Indeed, in their prior briefing plaintiffs only mentioned the ADA to say that it was the basis of one of defendant's arguments (id. at 4), and made vague conclusory assertions that tort causes of action are not preempted by federal statues (id. at 12-13).

Nowhere in their prior briefing did plaintiffs advance the argument they make now – that bumping and attempts to obtain seats on later flights are not services. This is a new argument, and accordingly it is not an appropriate ground for a motion for reconsideration.

II.     Plaintiffs' New Argument is Without Merit

In any event, even if plaintiffs were permitted to raise their new argument, it is without merit, because El Al's alleged mistreatment of plaintiffs was connected with airline services. Accordingly, the Court reaffirms its holding that plaintiffs' second count "is clearly preempted by the ADA, and is dismissed." Weiss, 2006 WL 1409736, at *7.

Plaintiffs do not dispute that claims relating to airline services are preempted by the ADA.[1]  While the Supreme Court has clearly stated that the ADA preempts claims in "connection with or reference to airline . . . services," Morales, 504 U.S. at 384, neither the Supreme Court nor the Second Circuit have provided a definition for just what sorts of activities constitute airline services.  Galbut v. American Airlines, Inc., 27 F. Supp. 2d 146, 151 (E.D.N.Y. 1997).  In the absence of direct guidance from the Supreme Court or the Court of Appeals, district courts have developed two similar yet distinct methods for making this determination.  One line of cases, exemplified by Trinidad v. American Airlines, Inc., 932 F. Supp. 521, 524-37 (S.D.N.Y. 1996), employs an ad hoc approach, whereby courts examine the totality of the circumstances and determine whether the action at issue is commonly related to air travel.  The second line of cases employs the three part test laid out by then District Judge Sotomayor in Rombom v. United Air Lines, Inc., 867 F. Supp. 214, 221 (S.D.N.Y. 1994).  While these two different methods can produce different results in certain circumstances, this Court need not attempt to synthesize the two approaches or adopt a specific approach, because plaintiffs' tort claims in the instant action are preempted under either standard.

Under the first line of cases, the key to determining whether actions by airline personnel are "services" is the extent to which those actions are commonplace and ordinary, and relate directly to air travel.  Trinidad, 932 F. Supp. at 524-26 (collecting cases).  For example, aiding an elderly passenger off one plane and onto a connecting flight is common, so it is a service, and

---

[1] Plaintiffs argue "that the Second Count of the complaint does not relate to a 'price' or 'route' of the air carrier," and that "[i]f that preemptive provision could have any application to the Second Count of the complaint, it can only be with respect to the category of a 'service' of the air carrier."  (Pl. Mem. Recon. 3.)

accordingly, there is preemption when an aged, infirm passenger is left aboard his original flight until it reaches its final destination, where he ultimately dies. Howard v. Northwest Airlines, Inc., 793 F. Supp. 129 (S.D. Tex. 1992). However, it is not common, and thus not an airline service, for a captain to give ground personnel information regarding a passenger who was allegedly smoking marijuana in the airplane's bathroom. Therefore, when ground personnel restrain and mistreat the offending passenger, it is not an airline service, and there is no preemption. Curley v. American Airlines, Inc., 846 F. Supp. 280 (S.D.N.Y. 1994).

However, under this first line of cases, ADA preemption will not apply even to actions that are regularly performed, if the plaintiff alleges that the action was performed in a negligent manner and resulted in personal injury. In Trinidad, Judge Scheindlin explained that tort claims are not preempted when they relate to common law negligence and personal injury because Congress omitted "safety" from the language of the ADA's preemption statute. Id. at 526. Thus, tort claims are not preempted when the harm alleged was the result of services performed in an unsafe, negligent way, such as personal injuries resulting from pilots negligently flying into severely turbulent weather, Trinidad, 932 F. Supp. at 521, hearing loss resulting from a plane that ascends too rapidly, O'Hern v. Delta Airlines, Inc., 838 F. Supp. 1264 (N.D. Ill. 1993), injuries resulting from tripping on a negligently maintained floor near a jetway, Butcher v. City of Houston, 813 F. Supp. 515 (S.D. Tex. 1993), or injuries resulting from baggage that falls from a negligently maintained overhead compartment. Heller v. Delta Air Lines, Inc., 92 Civ. 1937,

1993 WL 330093 (S.D.N.Y. Aug 25, 1993); Margolis v. United Airlines, Inc., 811 F. Supp. 318 (E.D. Mich. 1993).[2]

Under this first line of cases, plaintiffs' claim is related to common and ordinary actions, and therefore it is related to an airline service and preempted by the ADA. Unfortunately, bumping passengers and then making them wait in airport terminals for extended periods of time is a common occurrence. Plaintiffs were not held against their will, but remained in the terminal on a standby list, meaning defendant was engaged, at least slightly, in providing a common service to plaintiffs. During this time defendant took money for the purpose of upgrading plaintiffs' seats, and plaintiffs were "constantly caught up in dealing with airline employees and in complying with airline procedures to gain admission to a flight to Israel." (Comp. ¶ 21.)

Furthermore, plaintiffs' claims are not based on common law negligence or personal injury. Rather, plaintiffs assert that they were treated poorly by airline employees implementing airline policies in an attempt to get plaintiffs on another flight. Despite the fact that the ultimate goal of obtaining transit for plaintiffs was not fulfilled, El Al was performing common airline services for plaintiffs related to air travel, and plaintiffs' claim that El Al preformed ineptly or rudely, or even failed in the end to provide the services contracted for, is necessarily a claim in "connection with or reference to airline . . . services," Morales, 504 U.S. at 384. Accordingly, plaintiffs' claim is preempted by the ADA. See Nazarian v. Compagnie Nationale Air France,

---

[2] Plaintiffs rely on Stone v. Frontier Airlines Inc., 256 F. Supp. 2d 28 (D. Mass. 2002), for the proposition that tort claims, as a general matter, are not preempted. Plaintiffs read too much into Stone. The Stone Court recognized that a failure to have defibrillators aboard an airline was a safety issue, id. at 34, 40, and that in-flight emergency medical treatment was not a common service related to flight, id. at 38-39. Accordingly, for those reasons, and not simply because the plaintiff's claim arose under tort law, the Court concluded that the claim was not preempted.

989 F. Supp. 504, 510 (S.D.N.Y. 1998) ("ticketing, boarding, in-flight services, or the implementation of airline policies, such as 'bumping' of passengers, denial of boarding, and segregation of smoking passengers, relate to services and are preempted."), citing Trinidad, 932 F. Supp. at 526.

The second approach to ADA preemption follows Judge Sotomator's Rombom test. As one court explained, to apply this test:

> The Court must first determine whether the activity at issue in the claim is a service. If the activity is deemed to be a service, the court must then ascertain whether the claim affects the airline service directly or tenuously, remotely, or peripherally. Finally, the Court must determine whether the underlying tortious conduct was reasonably necessary to the provision of the service. . . . "[I]f the tortious act did not occur during the service . . . or . . . did not further the provision of a service in a reasonable manner, then the state tort claim should continue."

Galbut v. American Airlines, Inc., 27 F. Supp. 2d 146, 152 (E.D.N.Y. 1997), quoting Rombom, 867 F. Supp. at 222.

The first prong of the Rombom test is quite similar to Trinidad's approach to ADA preemption, in that the determination of service rests heavily on the extent to which the activity in question is ordinary and relates directly to air travel. As noted in Rombom, preemption applies to claims that grow out of an airline's refusal to board a passenger – because that is a service related to air travel – but not to claims based on injuries sustained on a tour bus provided by an airline as part of a vacation package because ground transportation is not related to air travel. 867 F. Supp. at 221-22, citing Williams v. Express Airlines I, Inc., 825 F. Supp. 831, 833 (W.D. Tenn. 1993) (refusal to board), and Chouest v. American Airlines, Inc., 839 F. Supp. 412, 415-16 (E.D. La. 1993) (bus injuries not preempted). As discussed above, defendant's actions

here at issue were common and ordinary, and were therefore a service, thus satisfying the first prong of the inquiry.

With respect to the second prong, plaintiffs' tort claims arise from the fatigue and exhaustion they suffered "in having to move about the airline's facilities in response to the airline procedures and the suggestions of its employees." (Id. at ¶ 22.) Accordingly, plaintiffs' claims go directly – not remotely or tenuously – to the poor treatment they received while the airline was rendering that service, and therefore the second prong of the Rombom test is satisfied.

As to the third prong, El Al's alleged conduct was not sufficiently unreasonable so as to exempt plaintiffs' claim from ADA preemption. While Judge Sotomayor used the phrase "reasonably necessary" to describe the actions that would remain subject to preemption, Rombom, 867 F. Supp. at 222, this prong has been applied only to exempt from preemption actions that are "outrageous or unreasonable," id. at 223; see also Galbut, 27 F. Supp. 2d at 152. In Rombom, Judge Sotomayor hypothesized that shooting a passenger who refused to be quiet during the presentation of safety instructions would be an "outrageous or unreasonable" rendering of services. 867 F. Supp. at 222-23. Rude and unprofessional actions, such as treating passengers like children, however, did not rise to the necessary level of outrageousness, and were therefore preempted. Id. at 222-24; see also Ruta v. Delta Airlines, Inc., 322 F. Supp. 2d 391, 399-401 (S.D.N.Y. 2004) (claims of negligent and intentional infliction of emotional distress, as well as tort claims based on rudeness and unprofessional conduct, are preempted because airline's conduct in ejecting plaintiff from her seat was not "outrageous or unreasonable"). Conversely, the Ruta Court found that a slander claim was not preempted, and

implied that claims involving assault, battery, false arrest, or false imprisonment would not be preempted because they would constitute outrageous or unreasonable behavior. Id.

The Court dislikes bumping as much as any passenger with a schedule to keep or a life to live. Keeping passengers waiting in a terminal for two days is certainly terrible customer service. However, even assuming that plaintiffs' allegations are true, as a matter of law the conduct described by plaintiffs does not rise to the level of outrageous or unreasonable behavior. Plaintiffs allege no assault, battery, false arrest, false imprisonment, slander, or any similar action that could be described as outrageous or unreasonable. Rather, plaintiffs merely allege the sort of rude, indifferent, and uncaring treatment that is all too common in customer service businesses. El Al's treatment of plaintiffs, therefore, satisfies the third prong of the Rombom test, and plaintiffs' tort action is preempted by the ADA.

## CONCLUSION

Plaintiffs' motion for reconsideration is denied. The Clerk of the Court is respectfully directed to close plaintiffs' motion (Doc. #24) and defendant's motion to respond (Doc. #27) for purposes of all internal reports.

SO ORDERED.

Dated: New York, New York
July 28, 2006

GERARD E. LYNCH
United States District Judge